UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA            :

                                              S4 11 Cr. 337 (PKC)

          -v.-                     :

THOMAS HOEY, JR.,                   :
    and
AJEJANDRO NORIEGA,                  :

            Defendants.             :

- - - - - - - - - - - - - - - - - -X

## GOVERNMENT'S REQUESTS TO CHARGE

                                      PREET BHARARA
                                      United States Attorney for the
                                      Southern District of New York
                                      Attorney for the United States
                                      of America

MARGARET GARNETT
IAN MCGINLEY
Assistant United States Attorneys

    - Of Counsel -

# TABLE OF CONTENTS

Page

REQUEST NO. 1
General Charges................................................2

REQUEST NO. 2
The Indictment................................................3

REQUEST NO. 3
Count One: Narcotics Conspiracy; General Instructions..........5

REQUEST NO. 4
Count One: Narcotics Conspiracy; Elements......................7

REQUEST NO. 5
Count One: First Element: Existence of Conspiracy..............9

REQUEST NO. 6
Count One: First Element: Object of Conspiracy................15

REQUEST NO. 7
Count One: First Element: Definitions.........................17

REQUEST NO. 8
Count One: Second Element.....................................21

REQUEST NO. 9
Count One: Duration...........................................25

REQUEST NO. 10
Count One: Time of Conspiracy.................................28

REQUEST NO. 11
Count One: Drug Type and Quantity.............................29

REQUEST NO. 12
Count One: "Results in Death".................................33

REQUEST NO. 13
Count Two: General Instructions...............................35

REQUEST NO. 14
Count Two: Elements...........................................36

REQUEST NO. 15
Count Two: Aiding and Abetting..................................38

REQUEST NO. 16
Count Three: Conspiracy to Suborn Perjury......................41

REQUEST NO. 17
Count Three: Elements..........................................42

REQUEST NO. 18
Count Three: First Element - Existence of the Conspiracy.......43

REQUEST NO. 19
Count Three: Second Element - Membership in the Conspiracy.....44

REQUEST NO. 20
Count Three: Third Element - Overt Act.........................47

REQUEST NO. 21
Count Four: Obstruction - Indictment and Statute...............50

REQUEST NO. 22
Count Four: Elements...........................................51

REQUEST NO. 23
Count Four: First Element......................................52

REQUEST NO. 24
Count Four: Second Element.....................................55

REQUEST NO. 25
Count Four: Third Element......................................57

REQUEST NO. 26
Counts Three and Four: Time of Conspiracy......................58

REQUEST NO. 27
Count Five: Witness Tampering..................................59

REQUEST NO. 28
Count Five: Statutory Purpose..................................61

REQUEST NO. 29
Count Five: Elements...........................................62

REQUEST NO. 30
Count Five: First Element......................................63

REQUEST NO. 31
Count Five: Second Element....................................65

REQUEST NO. 32
Count Six: Accessory After The Fact...........................66

REQUEST NO. 33
Count Six: Elements...........................................67

REQUEST NO. 34
Venue.........................................................68

REQUEST NO. 35
Particular Investigative Techniques Not Required...............69

REQUEST NO. 36
Stipulations..................................................70

REQUEST NO. 37
Law Enforcement and Government Employee Witnesses.............71

REQUEST NO. 38
Defendant's Testimony.........................................72

REQUEST NO. 39
Defendant's Right Not to Testify..............................73

REQUEST NO. 40
Uncalled Witnesses -- Equally Available to Both Sides.........74

REQUEST NO. 41
Summary Charts................................................76

REQUEST NO. 42
Variance in Dates.............................................77

REQUEST NO. 43
Character Testimony...........................................78

REQUEST NO. 44
Preparation of Witnesses......................................79

REQUEST NO. 45
Persons Not on Trial..........................................80

REQUEST NO. 46
Sympathy: Oath as Jurors.....................................81

REQUEST NO. 47
Use of Recorded Conversations and Transcripts................83

REQUEST NO. 48
Evidence Obtained by Search..................................84

REQUEST NO. 49
Cooperating Witness Testimony................................85

REQUEST NO. 50
False Exculpatory Statements.................................88

REQUEST NO. 51
Other Acts Evidence..........................................89

REQUEST NO. 52
Expert Witnesses.............................................91

REQUEST NO. 53
Punishment is Not to Be Considered by the Jury...............93

REQUEST NO. 54
Concluding Instructions......................................94

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA          :
                                          S4 11 Cr. 337 (PKC)
          -v.-                     :

THOMAS HOEY, JR.,                 :
     and
ALEJANDRO NORIEGA                 :

          Defendants.             :

- - - - - - - - - - - - - - - - - -X


## GOVERNMENT'S REQUESTS TO CHARGE

        Pursuant to Rule 30 of the Federal Rules of Criminal
Procedure, the Government respectfully requests that the Court
include the following in its instructions to the jury.

REQUEST NO. 1

General Charges

The Government respectfully requests that the Court give the standard charges on the following:

a.  Function of Court and Jury

b.  Jury's Recollection Governs

c.  Note-Taking by Jurors

d.  Burden of Proof and Presumption of Innocence

e.  Reasonable Doubt

f.  Government Treated Like Any Other Party

g.  Motions, Objections, and Questions by the Court

h.  Indictment Not Evidence

i.  Duty to Weigh Evidence Without Prejudice

j.  Direct and Circumstantial Evidence

k.  Circumstantial Evidence of Knowledge, Willfulness, and Intent

l.  Inferences

m.  Statements of Court and Counsel Not Evidence

n.  Improper Considerations

o.  Credibility of Witnesses

p.  Right to See Exhibits and Hear Testimony During Deliberations

q.  Each Count To Be Considered Separately

r.  Verdict on Each Count Must Be Unanimous

## The Indictment

The defendants THOMAS HOEY JR., and ALEJANDRO NORIEGA are formally charged in an Indictment. The Indictment, of course, is not evidence, but simply contains the formal charges against the defendants. The Indictment contains six charges or counts. Although there are facts in common to different counts, each count must be considered separately. You must return a separate verdict as to each count.

Count One charges HOEY with conspiracy to distribute and possess with intent to distribute controlled substances from at least in or about 2005, up through and including in or about 2010. Count One alleges that the distribution of cocaine that was one object of the conspiracy resulted in the death of Kim Calo on or about January 10, 2009, in the Kitano Hotel in Manhattan, New York.

Count Two charges HOEY with distributing and possessing with intent to distribute cocaine on or about January 9, 2009, up to and including on or about January 10, 2009. Count Two also alleges that the use of the cocaine distributed by HOEY resulted in the death of Kim Calo on or about January 10, 2009, in the Kitano Hotel in Manhattan, New York.

Count Three charges HOEY with conspiring to suborn perjury from at least in or about January 2011, up to and including in or

3

about May 2011.

Count Four charges HOEY and NORIEGA with conspiring to obstruct justice from at least on or about January 10, 2009, up to and including in or about May 2011.

Count Five charges HOEY with witness tampering from at least on or about January 10, 2009, up to and including in or about May 2011.

Count Six charges NORIEGA with being an accessory after the fact in or about January 2009.

**Count One: Narcotics Conspiracy:**
**General Instructions (21 U.S.C. § 846)**

As I said, Count One charges defendant HOEY with participating in a conspiracy to violate the narcotics laws of the United States. Count One charges, and I am reading now from the Indictment, that:

> [the Court is respectfully requested to read Count
> One of the Indictment]

A conspiracy is a kind of criminal partnership, an agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy — or agreement — to violate a federal law, as charged in this Indictment, is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes." Count Two, which I will discuss in a few moments, charges the substantive crime of distributing illegal drugs.

Given that a conspiracy and a substantive crime are distinct and independent offenses, you may find a defendant guilty of the crime of conspiracy, even if you find that he never actually committed the substantive crime that was the object of the conspiracy. In other words, you may find a defendant guilty of the crime of conspiracy to distribute a controlled substance or to

possess a controlled substance with intent to distribute it — in other words, agreeing to distribute or to possess with intent to distribute a controlled substance — even if there was no _actual_ distribution or possession with the intent to distribute a controlled substance. Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful and no drugs are actually distributed or possessed with intent to distribute.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); and Sand et al., Modern Federal Jury Instructions, Instr. 19-2.

> See United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

**REQUEST NO. 4**

**Count One: Narcotics Conspiracy:**
**Elements of the Conspiracy**

To sustain its burden of proof with respect to the charge of conspiracy contained in Count One of the Indictment, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in the Indictment; in other words, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to distribute narcotics, or to possess narcotics with the intent to distribute them.

Therefore, the first question for you is: Did the conspiracy alleged in the Indictment exist? Was there such a conspiracy?

Second, the Government must prove beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy charged; that is, that he knowingly associated himself with the conspiracy, and participated in the conspiracy to distribute or possess with the intent to distribute narcotics.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992). Under Section 846, it is not necessary for the Government to allege

7

or prove even one overt act.  <u>See</u> <u>United States</u> v. <u>Shabani</u>, 513 U.S. 10, 15 (1994) (Government need not prove commission of any overt acts in furtherance of conspiracy in violation of section 846 conspiracy); <u>United States</u> v. <u>Story</u>, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); <u>United States</u> v. <u>Knuckles</u>, 581 F.2d 305, 311 (2d Cir. 1978); <u>United States</u> v. <u>Bermudez</u>, 526 F.2d 89, 94 (2d Cir. 1975).

**Count One: Narcotics Conspiracy: First Element –
Existence of the Conspiracy**

With respect to Count One, let us turn to the first element that the Government must establish beyond a reasonable doubt, the existence of the conspiracy. What is a conspiracy? Simply defined, a conspiracy is an agreement by two or more persons to violate the law. In this instance, the unlawful purposes alleged to have been the object of the conspiracy charged in Count One are the distribution of a controlled substance or the possession with intent to distribute it.

The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement to violate the law. The success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator, for a conspiracy is a crime entirely separate and distinct from the substantive crime that may be the goal of the conspiracy. The crime of conspiracy is complete once the unlawful agreement is made.

To establish a conspiracy, the Government is not required to show that two or more persons sat around a table and entered into a solemn pact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth details of the plans and the means by which the unlawful project is to be carried out or

the part to be played by each conspirator. Indeed, it would be extraordinary if there were such a formal document or specific oral agreement.

Your common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, much is left to unexpressed understanding. Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they publicly broadcast their plans. From its very nature, a conspiracy is almost invariably secret in its origin and execution.

It is sufficient if two or more persons in some way or manner through any contrivance, impliedly or tacitly, come to a common understanding to violate the law. Express language or specific words are not required to indicate assent or attachment to a conspiracy. Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed. You need only find that the defendant entered into the unlawful agreement alleged in the Indictment with one or more other persons in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal

purpose.  The adage "actions speak louder than words" is applicable here.

Often, the only evidence available is that of disconnected acts, which, when taken together in connection with each other, show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof.

Of course, proof concerning the accomplishment of the objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself.  But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In determining whether the conspiracy charged in Count One actually existed, you may consider all the evidence of the acts, conduct and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way and that they agreed, as I have explained, to work together in furtherance of the unlawful scheme alleged in Count One of the Indictment.

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt

that at least two alleged conspirators came to a mutual under-standing, either spoken or unspoken, to violate the law in the manner charged in Count One of the Indictment.

Object of Conspiracy

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve.  The Indictment charges that the objects of the conspiracy were the distribution of and possession with intent to distribute a controlled substance.  I will define the terms "distribution" and "possession" for you in a moment. As I will explain in more detail in a few moments, to "distribute" simply means to transfer to another.  It does not require a sale. "Possession with intent to distribute" simply means the possession of a controlled substance with the intention, or purpose, to distribute it to another person or persons.

Let me note that the Government need prove only that the defendant conspired to distribute the controlled substance or that he conspired to possess the controlled substance with the intent to distribute it.  The Government need not prove both.  I will define the terms distribution and possession for you later in these instructions.  If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, then you must next determine the second question:  Whether

the defendant participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

## Quantity

Before I go further, let me note something regarding the quantity and purity of drugs involved. I instruct you that the actual quantity and purity of the controlled substances involved in the charged conspiracy is not an element of this crime, so you need not be concerned with quantity or purity in determining whether the defendant is guilty or not guilty of Count One. In order to determine whether the defendant is guilty of Count One, you need only find beyond a reasonable doubt that a conspiracy existed to distribute, or possess with the intent to distribute, some amount of a controlled substance.

As I will explain later, however, if you do find that the Government has proven the elements of Count One of the Indictment beyond a reasonable doubt, you will then be asked to make a finding about type and quantity.

> Adapted from the charge of the Honorable Laura Taylor Swain in United States v. Jose Ovalle, 02 Cr. 975 (LTS) (S.D.N.Y. 2003); the charges of the Honorable Kevin T. Duffy in United States v. Burnett, 92 Cr. 731 (KTD)(S.D.N.Y. 1993) and in United States v. Ogarro, 92 Cr. 114 (KTD) (S.D.N.Y. 1992); the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); and Sand et al., Modern Federal Jury Instructions, Instr. 19-4.

See United States v. Rea, 958 F.2d 1206, 1214
(2d Cir. 1992) ("In order to prove conspiracy,
the Government need not present evidence of an
explicit agreement; proof of a tacit
understanding will suffice.  The conspirators
need not have agreed on the details of the
conspiracy, so long as they have agreed on the
essential nature of the plan, and their goals
need not be congruent, so long as they are not
at cross-purposes.") (citations omitted);
United States v. Montour, 944 F.2d 1019, 1025
(2d Cir. 1991) ("To prove the existence of an
agreement, the Government need not present
evidence of a formal arrangement between the
co-conspirators.  Rather, it is sufficient if
the Government can demonstrate that the
defendants acted together with others to
realize a common goal.") (citations omitted);
United States v. Rubin, 844 F.2d 979, 983-84 (2d
Cir. 1988) (generally discussing proof of
agreement).

## REQUEST NO. 6

## Count One: Narcotics Conspiracy: First Element – Object of the Conspiracy

As I have just described, the prosecution must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to possess and distribute a controlled substance in the manner charged in Count One. The second part of the first element relates to the object, or the objective, of the conspiracy. Count One of the Indictment charges that the objects of the conspiracy were the distribution of various controlled substances, namely cocaine, diazepam, alprozalam, and marijuana, and the possession of these controlled substances with the intent to distribute them. Specifically, and I am now reading from the Indictment, the Indictment alleges that:

[the Court is respectfully requested to read paragraphs 2 and 3 of Count One].

I instruct you that you do not need to find that the Government has proven all of these objects in order to find the defendant guilty on Count One. It is sufficient for a guilty verdict if you find that any one object has been proven, so long as all of you agree unanimously as to at least one of the objects of the conspiracy. Now I will instruct you about these objects by defining the terms "distribution" and "possession with intent to distribute."

Adapted from the charge of the Honorable Richard
J. Sullivan in <u>United States</u> v. <u>Samuels</u>, 08 Cr.
789 (RJS) (S.D.N.Y. 2009).

## Count One: Narcotics Conspiracy: First Element – Objects of the Conspiracy - Definitions of Distribution and Possession With Intent to Distribute

"Distribution"

The word "distribution" means the actual, constructive or attempted transfer of the drug. To distribute simply means to deliver, to pass over, to hand over something to another person, or to cause it to be delivered, passed on, or handed over to another. Distribution does not require a sale.

"Possession With Intent to Distribute"

What does "possession with intent to distribute" mean? I will first discuss the concept of "possession," and then discuss the concept of "intent to distribute."

"Possession"

We begin with the concept of "possession." The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail. Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen. However, a person need not have actual, physical possession, that is, physical custody of an object, in order to be in legal possession of it. If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, and the intent to exercise

such control, then he is in possession of that article.  This is called constructive possession.

Control over an object may be demonstrated by the existence of a working relationship between the person having such control and the person with actual physical custody.  The person having control over an object possesses it because he has an effective working relationship with the person who has actual physical custody of it, and because he can direct the movement, transfer or disposition of the object.  In this manner, a businessman may possess things that are scattered throughout a number of stores or offices or installations around and about a city or a country.

More than one person can have control over the same narcotics.  The law recognizes that possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If more than one person has possession of it, as I have defined possession for you, then possession is joint.  That is what is meant by "possession."

"Intent to Distribute"

"Possession with intent to distribute," means that a defendant possessed the substances with a state of mind or purpose to transfer them to another person.

Since no one can read a defendant's mind, the determination as to a defendant's intent is inferred from his behavior.  Basically,

the question with regard to the intent aspect of the underlying offense is whether any drugs in a defendant's possession, that is, subject to his control in the manner I have indicated, were for his personal use, or were for the purpose of distribution or delivery to another.

Often it is possible to make the determination as to whether drugs were possessed "with intent to distribute" from the quantity of drugs that a defendant may have possessed, although the possession of a large quantity of narcotics does not necessarily mean that the defendant intended to distribute them. On the other hand, a defendant may have intended to distribute a controlled substance even if he did not possess a large amount of it. Other physical evidence, such as paraphernalia for the packaging and processing of drugs, can show an intent to distribute. It might also be evidence of a plan or a scheme to distribute. You should make your decision about whether the Government has proven beyond a reasonable doubt that the defendant committed the offense charged in Count One of the Indictment from all of the evidence presented in this case.

> Adapted from the charge of the Honorable Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); and from the charge of the Honorable John M. Walker in <u>United States</u> v. <u>Torres</u>, 87 Cr. 593 (JMW) (S.D.N.Y.), <u>aff'd</u>, 901 F.2d 205, 221, 243-44 (2d Cir. 1988) (specifically approving charge on possession), <u>cert. denied</u>, 111 S. Ct. 273 (1990). <u>See also</u>

Sand et al., <u>Modern Federal Jury Instructions</u>,
Instr. 56-9, 56-12, 56-13.

## Count One: Narcotics Conspiracy: Second Element - Membership in the Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One existed, you must next determine the second question, which is whether the defendant participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

The Government must prove by evidence of the defendant's own actions and conduct beyond a reasonable doubt that the defendant unlawfully, willfully, and knowingly entered into the conspiracy — the agreement — with a criminal intent, that is, with a purpose to violate the law, and agreed to take part in the conspiracy to promote and cooperate in one of its unlawful objectives.

As you can see, this element concerns a person's state of mind. Direct proof of state of mind is not always available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with a certain state of mind. Such direct proof is not required.

"Intentionally" and "Knowingly" Defined

As to this element, the terms "intentionally," and "knowingly" mean that you must be satisfied beyond a reasonable doubt that in joining the conspiracy (if you find that the defendant did

join the conspiracy), a defendant knew what he was doing -- that he took the actions in question deliberately and voluntarily.

An act is done "knowingly" and "intentionally" if it is done deliberately and purposefully; that is, a defendant's actions must have been his conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts alleged to have taken place by or with the defendant or in his presence. The Government contends that these acts show beyond a reasonable doubt knowledge on the part of the defendant of the unlawful purposes of the conspiracy.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense

means that when you come to decide, for example, whether the defendant possessed narcotics with an intent to distribute, you don't limit yourself to just what he said, but you also look at what he did and what others did in relation to him and, in general, everything that occurred.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

By pleading not guilty, the defendant denies that he was a member of this conspiracy. It is for you to determine whether the Government has established to your satisfaction and beyond a reasonable doubt that such knowledge and intent on the part of the defendants existed.

It is not necessary that a defendant be fully informed as to all the details of the conspiracy to justify an inference of knowledge on his part. To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants. It is not even necessary that the defendant know every other member of the conspiracy. In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator. Nor is it necessary that a defendant receive any monetary benefit from participating in the conspiracy or have

a financial stake in the outcome, so long as he in fact participated

in the conspiracy in the manner I have explained.

> Adapted from the charge of the Honorable Michael
> B. Mukasey in United States v. Bello, 91 Cr. 571
> (MBM) (S.D.N.Y.), aff'd mem., 990 F.2d 622 (2d
> Cir. 1993); the charge of the Honorable Leonard
> B. Sand in United States v. Rios, 91 Cr. 914
> (LBS) (S.D.N.Y. 1992); and Sand et al., Modern
> Federal Jury Instructions, Instr. 19-6.
>
> United States v. Rea, 958 F.2d 1206, 1214 (2d
> Cir. 1992) ("The defendant's knowledge of the
> conspiracy and participation in it with the
> requisite criminal intent may be established
> through circumstantial evidence.  A defendant
> need not have joined a conspiracy at its
> inception in order to incur liability for the
> unlawful acts of the conspiracy committed both
> before and after he or she became a member.")
> (citations omitted); see also United States v.
> Miranda-Ortiz, 926 F.2d 172, 175-6 (2d Cir.)
> (generally discussing proof required to show
> membership in conspiracy), cert. denied, 112 S.
> Ct. 347 (1991); United States v.
> Maldonado-Rivera, 922 F.2d 934, 960 (2d Cir.
> 1990) (same), cert. denied, 111 S. Ct. 2858
> (1991).

## Count One: Narcotics Conspiracy: Duration of and Extent of Involvement in the Conspiracy

The duration and extent of a defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt. The defendant need not have joined the conspiracy at the outset. A defendant may have joined it for any purpose at any time in its progress, and the defendant will still be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while the defendants were members. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

However, I want to caution you that the mere association by one person with another does not make that person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without participation is not sufficient. What is necessary is that the defendants participated in the conspiracy with knowledge of its

unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering an illegal undertaking. A defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that a person withdrew and disassociated himself from it.

> Adapted from the charge of the Honorable Laura Taylor Swain in United States v. Ovalle, 02 Cr. 975 (LTS) (S.D.N.Y. 2003); the charge of the Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (MBM) (S.D.N.Y.), aff'd mem., 990 F.2d 622 (2d Cir. 1993); the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); and Sand et al., Modern Federal Jury Instructions, Instr. 19-6.
>
> United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant

need not have joined a conspiracy at its
inception in order to incur liability for the
unlawful acts of the conspiracy committed both
before and after he or she became a member.") (citations
omitted); <u>see also</u> <u>United States</u> v.
<u>Miranda-Ortiz</u>, 926 F.2d 172, 175-6 (2d Cir.)
(generally discussing proof required to show
membership in conspiracy), <u>cert. denied</u>, 112
S. Ct. 347 (1991); <u>United States</u> v. <u>Maldonado-
Rivera</u>, 922 F.2d 934, 960 (2d Cir. 1990) (same),
<u>cert. denied</u>, 111 S. Ct. 2858 (1991).

**REQUEST NO. 10**

**Count One: Narcotics Conspiracy:**
**Time of Conspiracy**

Count One alleges that the conspiracy existed from at least in or about 2005, up through and including in or about 2010. It is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates. Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time around the dates that I just mentioned.

> Adapted from the charge of the Honorable
> John F. Keenan in United States v. Carrero,
> 91 Cr. 365 (JFK) (S.D.N.Y. 1991); and Sand et
> al., Modern Federal Jury Instructions, Instr.
> 3-12.

## REQUEST NO. 11

### Count One: Narcotics Conspiracy:
### Special Interrogatory on Drug Type and Quantity

If, and only if, you find that the Government has proven beyond a reasonable doubt that the defendant is guilty of participating in the conspiracy charged in Count One, you must then determine the type of controlled substance involved in the conspiracy --- here, the charged conspiracy includes cocaine, diazepam, alprozalam and marijuana. If you find that the conspiracy involved cocaine, you must then also determine the quantity of cocaine involved.

Drug Type

The Government has alleged that the controlled substances involved in the conspiracy were cocaine, diazepam, alprozalam, and marijuana. The Government need not prove the purity of these substances – any mixture or substance containing a detectable amount of the controlled substances is sufficient. In addition, you must make a separate finding as to each controlled substance alleged to have been involved in the conspiracy. You need not find that the Government has proven all four substances were involved, but you must make a unanimous finding as to each of the substances alleged.

If you conclude, unanimously, that the Government has failed to prove beyond a reasonable doubt that the conspiracy alleged in Count One involved a listed controlled substance, check "NO" in response to that question on the verdict form, and move on to the

next question.  With regard to the question about cocaine, however, if, you conclude, unanimously, that the Government has proven beyond a reasonable doubt that the conspiracy alleged in Count One involved cocaine, check "YES" in response to that question on the verdict form and move on to the issue of quantity.

Drug Quantity

If you find that the conspiracy charged in Count One involved cocaine, you must then determine what quantity of cocaine the conspiracy involved.

You need not determine the precise quantity.  Instead, if you reach the question of quantity, indicate on the verdict form whether the Government has established beyond a reasonable doubt that the conspiracy involved either 5 kilograms or more of cocaine, less than 5 kilograms but more than 500 grams, or less than 500 grams of cocaine.  The verdict form that I will submit to you will have a place where you can answer those questions.

Your finding on quantity must be unanimous in the sense that all of you must agree that the conspiracy involved at least the quantity you indicate.  Thus, for example, if all of you agree that the conspiracy involved 5 kilograms or more of cocaine, you should indicate 5 kilograms or more of cocaine.  If, however, some jurors conclude that the conspiracy involved 5 kilograms or more of cocaine and the rest of the jurors conclude that it involved between 500 grams

and 5 kilograms of cocaine, you may not indicate that the conspiracy involved 5 kilograms or more. Under those circumstances, however, you may indicate at least 500 grams of cocaine, because all of you would be in agreement that the conspiracy involved at least 500 grams of cocaine.

"Involved"

In making your determination about the type and quantity of any controlled substance involved in the conspiracy charged in Count One, you should include whatever type and quantity of controlled substance were involved in any act or acts in which the defendant personally and directly participated. That is, if you find that the defendant personally and directly participated in a jointly undertaken drug transaction, he is responsible for the full quantity of drugs involved in that transaction, whether or not he knew the specific type or quantity involved in the transaction.

> Adapted from the charge of the Honorable Gerard
> E. Lynch in United States v. Rafael Martinez,
> S5 08 Cr. 792 (GEL) (S.D.N.Y. 2009).
>
> See Apprendi v. New Jersey, 530 U.S. 466
> (2000); United States v. Gonzalez, 420 F.3d 111,
> 125 (2d Cir. 2005); United States v. Castrillon,
> 376 F.3d 46, 47 (2d Cir. 2004) (per curiam)
> (construing 21 U.S.C. § 846); United States v.
> Thomas, 274 F.3d 655 (2d Cir. 2001)(en banc);
> United States v. Chalarca, 95 F.3d 239, 243 (2d
> Cir. 1996) ("[T]he quantity of drugs attributed
> to a defendant need not be foreseeable to him
> when he personally participates, in a direct
> way, in a jointly undertaken drug transaction.")
> (construing the Sentencing Guidelines); United

31

States v. Velasquez, 28 F.3d 2, 5 (2d Cir. 1994)
(holding that the "reasonable foreseeability"
requirement does not apply to conduct "that the
defendant personally undertakes" and that the
Sentencing Guidelines, including the
definition of relevant conduct in U.S.S.G. §
1B1.3, "are simply an extension of the statutory
sentencing scheme"); United States v. Martinez,
987 F.2d 920, 925-26 (2d Cir. 1993) (noting that
a co-conspirator "should not be sentenced for
certain conspiratorial acts unless there is
proof that he knew or should have known about
the details of these conspiratorial acts").
But see United States v. Santos, 541 F.3d 63,
71 (2d Cir. 2008); United States v. Adams, 448
F.3d 492, 499 (2d Cir. 2006).

**"Results in Death"**

Count One of the Indictment also charges that the death of Kim Calo resulted from the defendant's distribution of controlled substances, specifically cocaine. So if you find the defendant guilty on Count One, and find that cocaine was one of the controlled substances involved in the conspiracy, in addition to making a finding as to the quantity of cocaine involved in the conspiracy, you will also be asked to make a finding as to whether the Government has proven beyond a reasonable doubt that the death of Kim Calo resulted from the distribution of cocaine. I instruct you that, in order to find that the death of Kim Calo resulted from the defendant's distribution of cocaine, you must find that the Government has proven that the cocaine distributed by the defendant was the cause of Ms. Calo's death. In other words, the Government must prove that Ms. Calo would not have died on January 10, 2009, but for the ingestion of the cocaine distributed by the defendant. This does not mean that the cocaine distributed by the defendant must be the only factor that brought about Ms. Calo's death, and indeed it can be sufficient if cocaine distributed by the defendant caused Ms. Calo's death in combination with other causes, so long as you find that the Government has proven that Ms. Calo would not have died on January 10, 2009, absent her ingestion of cocaine distributed by the

defendant.  As with your other findings, your decision on this question must be unanimous.

Adapted from <u>Burrage v. United States</u>, 134 S. Ct. 881 (2014)

## Count Two: Distribution and Possession With Intent to Distribute a Controlled Substance: General Instructions

Count Two of the Indictment charges the defendant, THOMAS HOEY, JR., with the substantive crime of distributing, or possessing with the intent to distribute, cocaine from on or about January 9, 2009 through and including January 10, 2009.

I will now read Count Two to you. Count Two reads:

> [the Court is respectfully requested to read Count Two of the Indictment].

**Count Two:  Distribution and Possession With Intent to Distribute a Controlled Substance – Elements**

The Elements

In order to prove the charges of distributing a controlled substance or possessing a controlled substance with the intent to distribute it, the Government must establish the following elements beyond a reasonable doubt,

First, that on or about the dates charged in the Indictment, the defendant either distributed a controlled substance or possessed a controlled substance with the intent to distribute it.

Second, that the defendant did so intentionally and knowingly.

Third, that the substance involved was in fact a controlled substance.

As I just said, the first element that the Government must prove beyond a reasonable doubt is the distribution or possession with intent to distribute a controlled substance.  I have already defined those terms for you earlier in my instructions when I instructed you on the narcotics conspiracy charged in Count One.

The second element requires that the Government prove beyond a reasonable doubt that the defendant acted intentionally and knowingly.  I have already instructed you on the meaning of these

words in my charge on the narcotics conspiracy charged in Count One, and you should follow those instructions here as well.

Finally, I am instructing you as a matter of law that cocaine is a controlled substance.

If you find the defendant guilty of distributing or possessing with intent to distribute cocaine, as charged in Count Two, you will be asked to then make a finding as to whether the death of Kim Calo resulted from the defendant's distribution of cocaine. When you are making this finding, you should follow the same instructions that I gave you earlier regarding this question in connection with Count One.

> Adapted from the charge of the Honorable Laura Taylor Swain in United States v. Jose Ovalle, 02 Cr. 975 (S.D.N.Y. 2003); and Sand et al., Modern Federal Jury Instructions, Instr. 10-1.

## REQUEST NO. 15

### Count Two: Distribution and
### Possession With Intent to Distribute a
### Controlled Substance - Aiding and Abetting

With respect to Count Two, the Indictment also charges the defendant with what is known in the law as "aiding and abetting." This is an alternative manner in which HOEY may be found guilty of Count Two. Aiding and abetting must be proven by the Government beyond a reasonable doubt.

Under the aiding and abetting statute, it is not necessary for the Government to show that the defendant himself physically committed the crime with which he is charged in order for you to find the defendant guilty. Thus, if you do not find beyond a reasonable doubt that the defendant committed the crime charged, distribution and possession with the intent to distribute cocaine, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. Accordingly, with respect to Count Two, you may find the defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proven that another person actually committed that crime, and that the defendant aided and abetted that person in the commission of that crime.

As I have explained, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that the crime charged was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

To aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture, although the interest does not have to be a financial one.

> Adapted from the charge approved in United States v. Stanchich, 550 F.2d 1294 (2d Cir. 1977); and Sand et al., Modern Federal Jury Instructions, Instr. 11-1, and 11-2.

See <u>United States</u> v. <u>Labat</u>, 905 F.2d 18,
23 (2d Cir. 1990) (discussing requirements
of aiding and abetting liability); <u>United
States</u> v. <u>Clemente</u>, 640 F.2d 1069 (2d Cir.
1981) (same).

<u>**REQUEST NO. 16**</u>

<u>**Count Three: Conspiracy to Suborn Perjury**</u>

Count Three of the Indictment charges defendant HOEY with participating in a conspiracy to violate the law prohibiting the subornation, or procurement, of perjury.  The Indictment reads that:

> *[The Court is respectfully requested to read Count Three of the Indictment].*

I have already explained to you what a criminal conspiracy is, and you should follow those instructions when considering Count Three as well.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 19-1, 19-2. <u>See</u> <u>United States</u> v. <u>Labat</u>, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal."); <u>see also</u> <u>United States</u> v. <u>Tejada</u>, 956 F.2d 1256, 1264 (2d Cir. 1992) (quoting <u>Labat</u>).

<u>**REQUEST NO. 17**</u>

**Count Three: Conspiracy to Suborn Perjury**
<u>**Elements of Conspiracy**</u>

In order to meet its burden of proving that defendant HOEY is guilty of conspiring to suborn perjury as charged in Count Three, the Government must prove beyond a reasonable doubt the following three elements:

<u>First</u>: the existence of the conspiracy charged; that is, an agreement or understanding to violate a law of the United States that prohibits procuring another to commit perjury;

<u>Second</u>: that the defendant knowingly and willfully became a member of the conspiracy; and

<u>Third</u>: that any one of the conspirators – not necessarily the defendant, but any of one of the parties involved in the conspiracy – knowingly committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy.

Now let us separately consider the three elements.

Adapted from the charge of the Honorable Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS)(S.D.N.Y. 1992), and from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 19-3; <u>see</u> <u>also</u> <u>United States</u> v. <u>Maldonado-Rivera</u>, 922 F.2d 934, 961-62 (2d Cir. 1990) (setting forth three elements of conspiracy as noted above), <u>cert</u>. <u>denied</u>, 501 U.S. 1211 (1991).

42

### Count Three: Conspiracy to Suborn Perjury
### First Element: Existence Of The Conspiracy

Starting with the first element, what is a conspiracy? The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement of two or more people to violate the law. As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not relevant to the question of whether the conspiracy existed. In deciding whether the Government has proven that the conspiracy charged in Count Three existed, you should follow the instructions I gave you with regard to this element on Count One.

The conspiracy alleged here in Count Three is an <u>agreement</u> to suborn perjury, or, stated another way, to procure another person to commit perjury. Again, you should follow my previous instructions regarding the existence of a conspiracy.

### Objective of the Count Three Conspiracy

The object of a conspiracy is the illegal goal that the co-conspirators agreed, or hoped, to achieve. The Indictment here charges that the purpose of the conspiracy alleged in Count Three was the subornation of perjury.

Title 18, United States Codes, Section 1622 criminalizes

subornation of perjury.  That law states, "Whoever procures another
to commit any perjury is guilty of subornation of perjury."

Simply stated, perjury is the willful making of a false
declaration, before a court or jury, while under oath or affirmation,
knowing the declaration is false as to a material matter.

I instruct you, however, that to prove the defendant guilty
of a conspiracy to suborn perjury, the Government need not prove that
the perjury actually occurred; rather, it need only prove that
procuring another to commit perjury was the object, or goal, of the
conspiracy.

Adapted from the charges of the Hon. Shira A. Scheindlin
in United States v. Vasilevsky, 08 Cr. 903 (SAS) (S.D.N.Y.
2009); the Hon. Richard J. Sullivan in United States v.
Peirce, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008); the Hon. P.
Kevin Castel in United States v. Zobkiw, 11 Cr. 337 (PKC
(S.D.N.Y. 2013); and Sand, Modern Federal Jury
Instructions, Instrs. 19-4, 48-15. See United States v.
Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove
conspiracy, the government need not present evidence of
an explicit agreement; proof of a tacit understanding will
suffice.  The coconspirators need not have agreed on the
details of the conspiracy, so long as they have agreed on
the essential nature of the plan, and their goals need not
be congruent, so long as they are not at cross-purposes.")
(citations omitted); United States v. Montour, 944 F.2d
1019, 1025 (2d Cir. 1991) ("To prove the existence of an
agreement, the government need not present evidence of a
formal arrangement between the co-conspirators. Rather,
it is sufficient if the government can demonstrate that
the defendant acted together with others to realize a
common goal.") (citations omitted); United States v.
Rubin, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally
discussing proof of agreement).

## Count Three: Conspiracy to Suborn Perjury
## Second Element: Membership In The Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count Three of the Indictment existed, then you must next determine the second question, which is whether the defendant knowingly and willfully became a member of the conspiracy. That is, whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant knowingly and willfully entered into the conspiracy with a criminal intent, that is, with a purpose to violate the law, and that he agreed to take part in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its objective.

### "Knowingly" and "Willfully" Defined

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that it is to say, with a bad purpose either to disobey or disregard the law, though the Government need not prove that the defendant knew that he was breaking

any particular law or rule.

As with the other elements of conspiracy, you should follow the instructions I gave you previously regarding membership in a conspiracy, in connection with Count One, when you are considering this element of Count Three.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

Adapted from the charges of the Hon. Shira A. Scheindlin in United States v. Vasilevsky, 08 Cr. 903 (SAS) (S.D.N.Y. 2009) and the Hon. Richard J. Sullivan in United States v. Peirce, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008) and Sand, Modern Federal Jury Instructions, Instrs. 19-6, 3A-1, 3A-3. See United States v. Aleskerova, 300 F.3d 286, 292-93 (2d Cir. 2002) (describing manner in which Government may show participation in conspiracy with required state of mind); United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted); United States v. Miranda-Ortiz, 926 F.2d 172, 175-76 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy).

## Count Three: Conspiracy to Suborn Perjury
### Third Element: Overt Act

The third element of the conspiracy charge set forth in Count Three is the requirement of an overt act.   To sustain its burden of proof, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy by at least one of the co-conspirators — not necessarily the defendant.

The purpose of the overt act requirement is that there must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.

The overt act set forth in the Indictment alleges as follows:

> [The Court is respectfully requested to read the "OVERT ACT" section of Count Three of the Indictment]

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove the overt act alleged in the Indictment.  Indeed, you might find that overt acts were committed which were not alleged at all in the Indictment. In short, it is sufficient for the Government to show that the defendant HOEY, or one of his alleged co-conspirators, knowingly committed any overt act in furtherance of the conspiracy during the

life of the conspiracy.

In that regard, you should bear in mind that you need not reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was so committed.

In addition, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.

Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS)(S.D.N.Y. 1992), and from Sand et al., Modern Federal Jury Instructions, Instr. 19-7 and 19-8; see United States v. Kozeny, 667 F.3d 122, 131-32 (2d Cir. 2011) ("the jury need not agree on a single overt act to sustain a conspiracy conviction"; "[T]he government may plead one set of overt acts in the indictment and prove a different set of overt acts at trial without prejudice to the defendant. We conclude, therefore, that although proof of at least one overt act is necessary to prove an element of the crime, which overt act among multiple such acts supports proof of a conspiracy conviction is a brute fact and not itself element of the crime. The jury need not reach unanimous agreement on which particular overt act was committed in furtherance of the conspiracy." (citation omitted)); United States v. Salmonese, 352 F.3d 608, 615 (2d Cir. 2003) ("the well-established rule of this and other circuits [is] that the overt act element of a conspiracy charge may be satisfied by an overt act that is not specified in the indictment, at least so long there is no prejudice to the

48

defendant"); <u>United States</u> v. <u>Provenzano</u>, 615 F.2d 37 (2d Cir.) (discussing overt act requirement), <u>cert</u>. <u>denied</u>, 446 U.S. 953 (1980).

## Request No. 21

## Count Four: Conspiracy to Obstruct Justice

Count Four of the Indictment charges the defendant with participating in a conspiracy to violate the law prohibiting the obstruction of justice.  The Indictment reads that:

> *[The Court is respectfully requested to read Count Four of the Indictment]*.

**Count Four: Conspiracy to Obstruct Justice**
**Elements of Conspiracy**

In order to meet its burden of proving that the defendants are guilty of conspiring to obstruct justice as charged in Count Four, the Government must prove beyond a reasonable doubt the following three elements:

<u>First</u>: the existence of the conspiracy charged; that is, an agreement or understanding to violate the law of the United States that prohibits obstructing justice;

<u>Second</u>: that the defendant you are considering knowingly and willfully became a member of the conspiracy with knowledge, or least anticipation, of a pending judicial proceeding, and with the specific intent to impede that proceeding; and

<u>Third</u>: that any one of the conspirators – not necessarily the defendant, but any of one of the parties involved in the conspiracy – knowingly committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy.

Now let us separately consider the three elements.

Adapted from <u>United States</u> v. <u>Schwarz</u>, 283 F.3d 76, 105-110, (2d Cir. 2002), the charge of the Honorable Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 19-3; <u>see</u> <u>also</u> <u>United States</u> v. <u>Maldonado-Rivera</u>, 922 F.2d 934, 961-62 (2d Cir. 1990) (setting forth three elements of conspiracy as noted above), <u>cert</u>. <u>denied</u>, 501 U.S. 1211 (1991).

### Count Four: Conspiracy to Obstruct Justice
### First Element: Existence Of The Conspiracy

I have already instructed you on the definition of a conspiracy when describing Count One.  You should apply that definition here.

## Objective of Count Four Conspiracy

The Indictment charges that the purpose or object of the conspiracy alleged in Count Four was the obstruction of justice, or more specifically, obstructing and endeavoring to obstruct the due administration of justice, in violation of Title 18, United States Code, Section 1503(a), which provides, in pertinent part, as follows:

> Whoever corruptly . . . influences, obstructs, or impedes,
> or endeavors to influence, obstruct, or impede, the due
> administration of justice [shall be guilty of a crime].

This law is designed to prevent a miscarriage of justice resulting from corrupt methods.  It is aimed at a variety of means by which the orderly and due process of the administration of justice may be impeded, thwarted or corrupted.

The due administration of justice refers to the fair, impartial, uncorrupted and unimpeded investigation, prosecution, disposition or trial of any matter – civil or criminal – in the courts of the United States.  It includes every step in a matter or proceeding in the federal courts to assure the just consideration

and determination of the rights of parties, whether government or individual.

Thus, due administration of justice includes but is not limited to a grand jury proceeding or investigation. For example, the sweep of the statute extends to any corrupt endeavor or effort to interfere with a grand juror's function in the discharge of his or her duties.

The key word in the statute is "endeavor." As used in this statute, "endeavor" means any effort or any act, however contrived, to obstruct, impede or interfere with the administration of justice.

It is the endeavor which is the gist of the crime. Success of the endeavor is not an element of the crime. Any effort, whether successful or not, that is made for the purpose of corrupting, obstructing or impeding the proceeding is condemned.

The word "corruptly" as used in the statute means simply having the improper motive or purpose of obstructing justice. Obstructing justice need not have been the sole motivation for the defendant's conduct as long as the defendant acted, at least in part, with that improper purpose.

> Adapted from the charges of Hon. P. Kevin Castel in <u>United States</u> v. <u>Zobkiw</u>, 11 Cr. 337 (PAK) (S.D.N.Y. 2013); the Hon. Shira A. Scheindlin in <u>United States</u> v. <u>Vasilevsky</u>, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); the Hon. Richard J. Sullivan in <u>United States</u> v. <u>Peirce</u>, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008); and Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-4. See <u>United States</u> v. <u>Rea</u>, 958

F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove
conspiracy, the government need not present evidence of
an explicit agreement; proof of a tacit understanding will
suffice.  The coconspirators need not have agreed on the
details of the conspiracy, so long as they have agreed on
the essential nature of the plan, and their goals need not
be congruent, so long as they are not at cross-purposes.")
(citations omitted); United States v. Montour, 944 F.2d
1019, 1025 (2d Cir. 1991) ("To prove the existence of an
agreement, the government need not present evidence of a
formal arrangement between the co-conspirators. Rather,
it is sufficient if the government can demonstrate that
the defendant acted together with others to realize a
common goal.") (citations omitted); United States v.
Rubin, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally
discussing proof of agreement).

**Count Four: Conspiracy to Obstruct Justice**
**Second Element: Membership In The Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count Four of the Indictment existed, then you must next determine the second question, which is whether the defendant you are considering knowingly and willfully became a member of the conspiracy, with knowledge, or at least anticipation, of a pending judicial proceeding, and with the specific intent to impede that proceeding. The conduct offered to evince that intent must be conduct that is directed at the court or grand jury and that, in the defendant's mind, has the natural and probable effect of obstructing or interfering with that entity. You should otherwise apply the instructions I gave you previously about assessing membership in a conspiracy.

Adapted from United States v. Schwarz, 283 F.3d 76, 105-110, (2d Cir. 2002), and the charges of the Hon. Shira A. Scheindlin in United States v. Vasilevsky, 08 Cr. 903 (SAS) (S.D.N.Y. 2009) and the Hon. Richard J. Sullivan in United States v. Peirce, 06 Cr. 1032 (RJS) (S.D.N.Y. 2008) and Sand, Modern Federal Jury Instructions, Instrs. 19-6, 3A-1, 3A-3. See United States v. Aleskerova, 300 F.3d 286, 292-93 (2d Cir. 2002) (describing manner in which Government may show participation in conspiracy with required state of mind); United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy

at its inception in order to incur liability for the
unlawful acts of the conspiracy committed both before and
after he or she became a member.") (citations omitted);
<u>United States</u> v. <u>Miranda-Ortiz</u>, 926 F.2d 172, 175-76 (2d
Cir. 1991) (generally discussing proof required to show
membership in conspiracy).

## Count Four: Conspiracy to Obstruct Justice
## Third Element: Overt Act

The third element of the conspiracy charge set forth in Count Four is the requirement of an overt act.

The overt act set forth in the Indictment allege as follows:

*[The Court is respectfully requested to read the "OVERT ACT" section of Count Four of the Indictment]*

I have already defined for you what an overt act is when discussing Count Three. You should apply that definition here.

Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from Sand et al., Modern Federal Jury Instructions, Instr. 19-7 and 19-8; see United States v. Kozeny, 667 F.3d 122, 131-32 (2d Cir. 2011) ("the jury need not agree on a single overt act to sustain a conspiracy conviction"; "[T]he government may plead one set of overt acts in the indictment and prove a different set of overt acts at trial without prejudice to the defendant. We conclude, therefore, that although proof of at least one overt act is necessary to prove an element of the crime, which overt act among multiple such acts supports proof of a conspiracy conviction is a brute fact and not itself element of the crime. The jury need not reach unanimous agreement on which particular overt act was committed in furtherance of the conspiracy." (citation omitted)); United States v. Salmonese, 352 F.3d 608, 615 (2d Cir. 2003) ("the well-established rule of this and other circuits [is] that the overt act element of a conspiracy charge may be satisfied by an overt act that is not specified in the indictment, at least so long there is no prejudice to the defendant"); United States v. Provenzano, 615 F.2d 37 (2d Cir.) (discussing overt act requirement), cert. denied, 446 U.S. 953 (1980).

## REQUEST NO. 26

## Counts Three and Four
## Time of Conspiracy

The Indictment alleges that the conspiracy charged in Count Three existed from in or about January 2011 through in or about May 2011; and that the conspiracy charged in Count Four existed from on or about January 10, 2009, through in or about May 2011. As I instructed you with regard to Count One, it is not essential that the Government prove that these conspiracies started and ended at these specific times.

> Adapted from the charge of the Hon. Shira A. Scheindlin in United States v. Vasilevsky, 08 Cr. 903 (SAS) (S.D.N.Y. 2009) and Sand, Modern Federal Jury Instructions, Instr. 3- 12; see United States v. Rivera, 376 F.3d 86, 89-93 (2d Cir. 2004).

<u>**REQUEST NO. 27**</u>

**Count Five: Witness Tampering**
<u>**The Indictment and the Statute**</u>

Count Five of the Indictment charges defendant Hoey with witness tampering. The Indictment reads that:

*[The Court is respectfully requested to read Count Five of the Indictment].*

Federal law makes it a crime to intimidate, threaten, or corruptly persuade another person with intent to influence, delay, or prevent the testimony of another in an official proceeding, or with the intent to cause or induce a person to withhold testimony from an official proceeding.

Specifically, witness tampering is a violation of Title 18, United States Code, Section 1512. That statute provides that:

Whoever uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person with intent to

(A) influence, delay, or prevent the testimony of any person in an official proceeding;

(B) cause or induce any person to

(i) withhold testimony, or withhold a record, document, or other object, from an official proceeding;

(ii) alter, destroy, mutilate, or conceal an object with intent to impair the integrity or availability of the object for use in an official proceeding;

(iii) evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or

(iv) be absent from an official proceeding to which that person has been summoned by legal process; or

(C) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings; shall be [guilty of a crime].

18 U.S.C. § 1512; adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 46-28, and the charge of Hon. Katherine B Forrest <u>United States</u> v. <u>Fazio</u>, 11 Cr. 873 (KBF) (S.D.N.Y. 2012).

**Count Five: Witness Tampering**
**Statutory Purpose**

The witness tampering statute is designed to protect persons who are victims of federal crimes, persons who may be called to testify or give evidence in a federal proceeding--either civil or criminal--and persons who have information about federal crimes. The integrity of the federal system of justice depends upon the cooperation of such victims and potential witnesses. If persons with information do not come forward, produce evidence and appear when summoned the criminal justice system will be significantly impaired. This statute was devised to make it unlawful for anyone to tamper with such a witness in the manner described by the statute.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>,
Instr. 46-29.

**REQUEST NO. 29**

**Count Five: Witness Tampering**
**Elements of the Offense**

In order to prove defendant HOEY guilty of Count Five, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly used intimidation, threatened, or corruptly persuaded Nicole Zobkiw, or attempted to do so, or engaged in misleading conduct toward Nicole Zobkiw.

Second, that the defendant acted knowingly and with intent to influence delay, prevent the testimony of Nicole Zobkiw in an official proceeding, or induce Nicole Zobkiw to withhold testimony from an official proceeding.  If the defendant specifically intended to do any of the above, that is sufficient, but you must be unanimous as to which of the above, if any, he specifically intended. In this case, the "official proceeding" that the Government alleges was the subject of the witness tampering was the federal Grand Jury that was investigating the death of Kim Calo.

Adapted from Sand, Modern Federal Jury Instructions,
Instr. 46-30, and the charge of Hon. Katherine B Forrest
United States v. Fazio, 11 Cr. 873 (KBF) (S.D.N.Y. 2012).

## Count Five: Witness Tampering
## First Element: The Defendant Used Intimidation, Threats, or Corruptly Persuades

The first element the government must prove beyond a reasonable doubt is that defendant Hoey used intimidation, threatened, or corruptly persuaded Nicole Zobkiw, or attempted to do so, or engaged in misleading conduct toward Nicole Zobkiw.

A threat is simply the expression of an intention to do harm. A threat may be communicated by words as well as gestures. In order to find that the defendant used threats, as charged in the indictment, you need not find that he intended to carry out the threat. The real issue is whether the words allegedly used were in fact uttered by him.

Intimidation includes frightening a person, inspiring or affecting her by fear or deterring her by threats. It does not matter whether or not the person alleged as the object of the threat is actually frightened or thinks she is in physical danger. It is enough that the threat had a reasonable tendency to make the person fearful.

To "corruptly persuade" means to act knowingly with a wrongful, immoral or evil purpose to convince or induce another person to engage in certain conduct.

Misleading conduct means (a) knowingly making a false statement, (b) intentionally omitting information from a statement

and thereby causing a statement to be misleading, or intentionally concealing a material fact and thereby creating a false impression by such statement, (c) with intent to mislead, knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered or otherwise lacking in authenticity, (d) with intent to mislead, knowingly submitting or inviting reliance on a sample, specimen, map, photograph, boundary, mark, or other object that is misleading in a material respect, or (e) knowingly using a trick, scheme or device with intent to mislead.)

As I indicated, this element may be satisfied if the defendant actually used intimidation, physical force or threats, or corrupt persuasion, or if he attempted to do so. Moreover, you do not have to find that the defendant did each of these things; it is sufficient if you find that the defendant did any one of intimidation, force or threats, OR corrupt persuasion.

The law does not require that the federal proceeding be pending at the time of defendant's conduct as long as the proceeding was foreseeable such that defendant knew that his actions were likely to affect the proceeding.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 46-31, and the charge of Hon. Katherine B Forrest <u>United States</u> v. <u>Fazio</u>, 11 Cr. 873 (KBF) (S.D.N.Y. 2012).

**REQUEST NO. 31**

**Count Five: Witness Tampering**
**Second Element: Knowledge and Specific Intent**

The second element the government must prove beyond a reasonable doubt is that defendant HOEY acted knowingly and with the specific intent to interfere with Nicole Zobkiw's testimony in any of the ways I just described.

An act is done knowingly if it is done voluntarily and purposely, and not by accident or mistake.

By specific intent, I mean that the defendant must have acted knowingly and with unlawful intent.

In order to satisfy this element, it is not necessary for the government to prove that the defendant knew he was breaking any particular criminal law.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 46-32, and the charge of Hon. Katherine B Forrest United States v. Fazio, 11 Cr. 873 (KBF) (S.D.N.Y. 2012).

**REQUEST NO. 32**

**Count Six: Accessory after the Fact
The Indictment and the Statute**

Count Six of the Indictment charges defendant NORIEGA with

being an accessory after the fact as to the cocaine distribution

crimes of defendant HOEY.  The Indictment reads that:

> *[The Court is respectfully requested to read Count Six of
> the Indictment]*.

The crime charged in Count Six is found in section 3 of

Title 18 of the United States Code, which provides:

> Whoever, knowing that an offense against the United States
> has been committed, receives, relieves, comforts or
> assists the offender in order to hinder or prevent his
> apprehension, trial or punishment, is an accessory after
> the fact.


> 18 U.S.C. § 3; adapted from Sand, <u>Modern Federal Jury
> Instructions</u>, Instr. 12-1

**Count Six: Accessory after the Fact**
**Elements of the Offense**

In order to prove defendant Noriega guilty of being an accessory after the fact, the government must establish each of the following elements beyond a reasonable doubt:

First, that the crime of cocaine distribution alleged in the Indictment was committed by Thomas Hoey Jr.; here, this crime is charged in Count Two;

Second, that the defendant had knowledge of the commission of that crime and defendant Hoey's participation in it; and

Third, that with such knowledge, the defendant in some way assisted Hoey with the specific purpose or plan to hinder or prevent Hoey's apprehension, trial or punishment.

Adapted from Sand, Modern Federal Jury Instructions,
Instr. 12-2

## REQUEST NO. 34

### Venue

I have now told you the elements of each charge in the Indictment.  In addition to the elements I have described to you, as to each charge the Government must prove that some act in furtherance of the charge you are considering occurred in the Southern District of New York.  The Southern District of New York includes, among other locations, the Bronx, Manhattan, Westchester County, Dutchess County, and Orange County.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this District.

I should note that on this issue -- and this issue alone -- the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crimes charged in each count occurred in the Southern District of New York.

> Adapted from the charge of The Honorable Loretta A. Preska in United States v. Cespedes, 00 Cr. 390 (LAP) (S.D.N.Y., May 2001), and from Sand, Modern Federal Jury Instructions, Instr. 3-11. See also United States v. Brennan, 183 F.3d 139, 145 (2d Cir. 1999) (venue in mail fraud satisfied if mail underlying the indictment is caused to be delivered to the district in question); accord United States v. Sutton, 13 F.3d 595, 599 (2d Cir. 1994).

## REQUEST NO. 35

## Particular Investigative Techniques Not Required

[If applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence introduced by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 4-4, and the charges of Honorable Victor Marrero in United States v. Frank Tejada, 07 Cr. 502 (S.D.N.Y. Nov. 5, 2007), the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and the Honorable John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992).

**REQUEST NO. 36**

**Stipulations**

**[If applicable]**

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

A stipulation of fact is an agreement among the parties a certain fact is true.  You must accept such agreed facts as true.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 5-6, 5-7, and from the charge of the Honorable Victor Marrero in <u>United States</u> v. <u>Frank Tejada</u>, 07 Cr. 502 (S.D.N.Y. Nov. 5, 2007); and the Honorable Judge Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

## REQUEST NO. 37

## Law Enforcement and Government Employee Witnesses

You have heard the testimony of law enforcement officials and of employees of the Government. The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness and to give to that testimony the weight you find it deserves.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-16; from charge of the Honorable Victor Marrero in United States v. Frank Tejada, 07 Cr. 502 (S.D.N.Y. Nov. 5, 2007). See United States v. Ouimette, 798 F.2d 47, 49 (2d Cir. 1986) (as a general rule, "it is inappropriate to charge that police officers testifying at trial are specially interested in the outcome of a case").

**Defendant's Testimony**

**[If applicable]**

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, the defendant did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Adapted from the charge approved in United States v. Brutus, 505 F.3d 80, 88 n.7 (2d Cir. 2007); and the charge of the Honorable Jed S. Rakoff in United States v. Boyd, 09 Cr. 347 (S.D.N.Y. 2009).

**Defendant's Right Not to Testify**

**[If applicable]**

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

**Uncalled Witness -- Equally Available to Both Sides**

[If applicable]

There are persons whose names you have heard during the course of this trial who did not come and testify.  You must not speculate or draw any inference or reach any conclusions about what these individuals would have testified to had they been called as witnesses.  Their absence should not affect your judgment in any way. You should bear in mind that both the Government and the defense have the same power to subpoena witnesses to testify on their behalf.  If a potential witness could have been called by the Government or by the defendant and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government or to the defendant or to both.  On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call a witness.

The law does not impose a burden or duty on the defendant in a criminal case to call any witnesses or put in any evidence. There is no requirement that the Government prove the elements of the offenses by any particular number of witnesses.  The law does not require the Government to call as witnesses all persons who may have knowledge as to the matters at issue.  Your function is to decide if the witnesses who were called proved the Government's case beyond

a reasonable doubt.

> Adapted from charge of the Honorable Victor Marrero in <u>United States</u> v. <u>Frank Tejada</u>, 07 Cr. 502 (S.D.N.Y. Nov. 5, 2007); the Honorable Colleen McMahon in <u>United States</u> v. <u>LaSpina</u>, 99 Cr. 339 (S.D.N.Y. 2000); and Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-7. <u>See</u> <u>generally</u> <u>United States</u> v. <u>Erb</u>, 543 F.2d 438, 444-45 (2d Cir. 1976) (discussing propriety of missing witness charges).

REQUEST NO. 41

Summary Charts

[If applicable]

The Government has presented exhibits in the form of charts and summaries. These exhibits purport to summarize the underlying evidence that was used to prepare them, and were shown to you to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater weight to these charts and summaries than you would give to the evidence on which they are based.

It is for you to decide whether the charts and summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

Adapted from Sand, Modern Federal Jury Instructions,
Instr. 5-12 and 5-13; from charge of Honorable Richard J.
Sullivan in United States v. Vilar, 05 Cr. 621 (S.D.N.Y.
Nov. 13, 2008). See United States v. Pinto, 850 F.2d 927,
935-36 (2d Cir. 1988) (upholding admission of summary
charts and use in jury room during deliberations).

<u>REQUEST NO. 42</u>

<u>Variance in Dates</u>

You will have noticed that the Indictment refers to various dates.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month. The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

Adapted from the charge of Honorable Michael B. Mukasey in <u>United States</u> V. <u>Cheng Chui Ping</u>, 94 Cr. 953 (S.D.N.Y. June 14, 2005).

Character Testimony

[If applicable]

The defendant has called witnesses who have given their opinion of his good character.  This testimony is not to be taken as the witness's opinion as to whether the defendant is guilty or not guilty.  That question is for you alone to determine.  You should, however, consider this character evidence together with all the other facts and evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's good character, you find a reasonable doubt has been created, you must acquit.  On the other hand, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's good character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe the defendant, or the witness believes the defendant, to be a person of good character.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-15.

REQUEST NO. 44

Preparation of Witnesses

[If applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the court's time. In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness' preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from charges of the Honorable Michael B. Mukasey in *United States* v. *Abdul Latif Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999), the Honorable John G. Koeltl in *United States* v. *Brooks*, 99 Cr. 1027 (S.D.N.Y. Dec. 14, 1999), and the Honorable Loretta A. Preska in *United States* v. *Allen*, 99 Cr. 929 (LAP) (S.D.N.Y. 2000).

79

REQUEST NO. 45

Persons Not On Trial

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

Adapted from the charge of Honorable Victor Marrero in United States v. Adrian Agostini, 00 Cr. 237 (S.D.N.Y. Sept. 23, 2003); and the Honorable Lewis A. Kaplan in United States v. Otis Parkes, 03 Cr. 1364 (LAK).

REQUEST NO. 46

Sympathy:  Oath as Jurors

Under your oath as jurors, you are not to be swayed by
sympathy.  You are to be guided solely by the evidence in the case.
You are to determine the guilt or non-guilt of the defendant solely
on the basis of the evidence and subject to the law as I have charged
you.

I know you will try the issues that have been presented
to you according to the oath which you have taken as jurors, in which
you promised that you would well and truly try the issues joined in
this case and render a true verdict.  And I suggest to you that if
you follow that oath without combining your thinking with any
emotions, you will arrive at a just verdict.  It must be clear to
you that once you get into an emotional state and let fear or prejudice
or bias or sympathy interfere with your thinking, then you don't
arrive at a true and just verdict.  Calm deliberation and good common
sense are the qualities you should bring with you into the jury room.

The charges here, ladies and gentlemen, are serious, and
the just determination of this case is important to both the defendant
and the Government.  Under your oath as jurors, you must decide the
case without fear or favor and solely in accordance with the evidence
and the law.

If the Government has failed to carry its burden, your

sworn duty is to bring in a verdict of not guilty.   If the Government

has carried its burden, you must not flinch from your sworn duty,

and you must bring in a verdict of guilty.

> Adapted from Sand, *Modern Federal Jury Instructions*,
> Instr. 2-12, and from the charge of the Honorable Irving
> Kaufman in *United States* v. *Davis*, Appellant's Appendix
> at pp. 15a-16a, *aff'd*, 353 F.2d 614 (2d Cir. 1965).

Use of Recorded Conversations and Transcripts

[If Applicable]

Audio recordings of conversations have been admitted into evidence, including recordings of conversations with the defendant. Whether you approve or disapprove of the recordings may not enter your deliberations.  I instruct you that the recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful. Therefore, you must give this evidence full consideration along with all the other evidence in this case.

In addition, the government has been permitted to hand out transcripts of certain of the recordings.  These transcripts, which the Government prepared, were given to you as an aid or guide to assist you in listening to the recordings. However, the transcripts are not in and of themselves evidence. Therefore, when the tapes were played I advised you to listen very carefully to the tapes themselves. You alone should make your own interpretation of what appears on the tapes based on what you heard. If you think you heard something differently than appeared on the transcript then what you heard is controlling.

Adapted from Sand, Modern Federal Jury Instructions,
Instrs. 5-9, 5-10.

## REQUEST NO. 48

### Use Of Evidence Obtained Pursuant To Search

You have heard testimony about evidence seized in connection with certain searches conducted by law enforcement officers. Evidence obtained from these searches was properly admitted in this case, and may be properly considered by you. Such searches were entirely appropriate law enforcement actions. Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.

> Adapted from the charges of Judge Pierre N.
> Leval in United States v. Ogando, 90 Cr. 469
> (PNL) (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d
> Cir. 1992), and United States v. Mucciante, 91
> Cr. 403 (PNL) (S.D.N.Y. 1992).

Cooperating Witness Testimony

You have heard from witnesses who have testified that they were involved in criminal conduct, and who subsequently pled guilty to their criminal conduct pursuant to what is called a "cooperation agreement" with the Government.

Experience will tell you that the Government frequently must rely on the testimony of cooperating witnesses, and other witnesses who have admitted participating in crimes. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such cooperating witnesses is properly considered by the jury. If cooperating witnesses could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of cooperating witness testimony. Indeed, it is the law in federal courts that the testimony of a single cooperating witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

Because of the possible interest a cooperating witness may have in testifying, the cooperating witness's testimony should be scrutinized with care and caution. The fact that a witness is a

cooperating witness can be considered by you as bearing upon his credibility.  It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving truthful testimony.

Like the testimony of any other witness, cooperating witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

You heard testimony about an agreement between the Government and the witness.  I must caution you that it is no concern of yours why the Government made an agreement with a particular witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether this cooperating witness would benefit more by lying, or by telling the truth.  Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one

that would cause him to tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  If, however, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions, Instr. 7-5; from the charge of the Honorable John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991); and from the charge in United States v. Projansky, 465 F.2d 123, 136-37 n.25 (2d Cir. 1972) (specifically approving charge set forth in footnote). See United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators
 . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted), and United States v. Cheung Kin Ping, 555 F.2d 1069, 1073 (2d Cir. 1977) (same); see also United States v. Swiderski, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

REQUEST NO. 50

False Exculpatory Statements

[If Applicable]

You have heard testimony that the defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt. The Government claims that these statements in which the defendant exculpated herself are false.

If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-11.

**Limiting Instructions/Other Acts Evidence**

**(if applicable)**

You will recall that some evidence introduced by the Government was received for a limited purpose.  Specifically, you have been presented with evidence regarding the defendants [**Insert Summary of Relevant Testimony**].  The Government offered this evidence to demonstrate a defendant's intent and knowledge, and to establish the absence of mistake or accident with regard to the offenses that are charged in the Indictment.  You may not consider this evidence as a substitute for proof that a defendant committed any of the crimes charged in the Indictment.  Nor may you consider this evidence as proof that a defendant has a criminal personality or bad character.  This evidence about the defendant's [**Insert Summary of Relevant Testimony**] was admitted for a limited purpose and you may consider it only for that limited purpose.

Specifically, if you determine that a defendant committed any of the acts charged in the Indictment, then you may, but you need not, draw an inference from the evidence of the defendant's [**Insert Summary of Relevant Testimony**] that that defendant acted knowingly and intentionally with respect to the specific charges, as charged in the Indictment, and not because of some mistake, accident, or other innocent reason.  The evidence of the defendant's [**Insert Summary of Relevant Testimony**] may not be considered by you for any purpose

other than what I have just explained to you.

                    Adapted from the charge of the Honorable
                    John F. Keenan in <u>United States</u> v. <u>Carrero</u>,
                    91 Cr. 365 (JFK) (S.D.N.Y. 1991); and Sand
                    et al., <u>Modern Federal Jury Instructions</u>,
                    Instr. 5-25.

Expert Witnesses

**[If Applicable]**

You have heard testimony from what we call expert witnesses. An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions which were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, of if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing reliance on his testimony.

Adapted from the charge of the Honorable Pierre N. Leval in <u>United States</u> v. <u>Mucciante,</u> 91 Cr. 403 (PNL)(S.D.N.Y. 1992); and the charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Mensah</u>, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

REQUEST NO. 53

Punishment Is Not to Be Considered by the Jury

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively with me. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely on the basis of such evidence. Under your oath as jurors, you cannot allow consideration of the punishment that must be imposed on the defendant on the defendant, if she is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

From Sand, Modern Federal Jury Instructions, Instr. 9-1.

REQUEST NO. 54

Concluding Instructions

The Court is respectfully requested to give its standard closing instructions on the following topics:

(i) the duty of jurors to follow the law as the Court has instructed;

(ii) the duty of jurors to deliberate in good faith with due consideration for the opinions of their fellow jurors;

(iii) the duty of jurors to be guided by proper considerations and to reject improper considerations;

(iv) the requirement of unanimity;

(v) procedural instructions regarding the selection of a foreperson, conduct of deliberations, notes to the Court, and the reporting of a verdict.

Dated:    New York, New York
          July 21, 2014

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the United States
                              of America


                    By: s/_____
                        Margaret Garnett
                        P. Ian McGinley
                        Assistant United States Attorneys
                        (212) 637-2520/2257